**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000633
10-JUN-2026
07:50 AM
Dkt. 82 SO**

NO. CAAP-24-0000633

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
KAREN M. DOOLITTLE, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH & SOUTH KONA DIVISION
(CASE NO. 3DTA-24-00768)

SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Leonard and Guidry, JJ.)

Defendant-Appellant Karen Doolittle (**Doolittle**) appeals from the September 6, 2024 Findings of Fact, Conclusions of Law, and Order Denying Defendant's Motion to Strike Proof of Compliance Hearings (**Compliance Hearings Order**) entered by the North and South Kona Division of the District Court of the Third Circuit (**District Court**).[1]

Doolittle raises a single point of error on appeal, contending that the District Court erred in entering the Compliance Hearings Order.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to

---

[1] The Honorable Ann S. Datta presided.

the arguments advanced and the issues raised, we resolve Doolittle's point of error as follows:

Doolittle pleaded no contest to, *inter alia*, Operating a Vehicle under the Influence of an Intoxicant in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1) (2020) (**OVUII**). She was sentenced to, *inter alia*, complete substance abuse assessment by a certified substance abuse counselor and any recommended treatment. A $250 Drug Demand Reduction Fee was taken under advisement for one year and subject to be waived upon successful completion of the required substance abuse assessment and treatment. After the District Court imposed the sentence, at the prosecution's request, the District Court set a proof-of-compliance hearing. On the same day, July 15, 2024, the District Court entered a Judgment and Notice of Entry of Judgment (**Judgment**), which reflected, *inter alia,* that the $250 Drug Demand Reduction Fee was taken under advisement. After Doolittle moved to strike the proof-of-compliance hearing, the District Court entered the Compliance Hearings Order. On November 21, 2024, after a hearing at which the District Court found that Doolittle had fully complied with the substance abuse assessment and treatment portion of the Judgment, the District Court entered a Notice of Entry of Amended Judgment as to Drug Demand Assessment Fee (**Amended Judgment**). The Amended Judgment states that the court waives the Drug Demand Reduction Fee and will take no further action.

Doolittle argues that the District Court erred when it entered the Compliance Hearings Order because, *inter alia*, it created a form of court supervision that is not found in the HRS

2

and the District Court is not authorized to use proof-of-compliance hearings in OVUII cases as a form of probation to monitor Doolittle's substance abuse treatment and rehabilitation.

This argument has merit. For the reasons set forth in this court's recent Opinion in State v. Rivero-Garcia, No. CAAP-24-0000637, 2026 WL 1582067 (Haw. App. June 3, 2026), we conclude that the District Court exceeded its authority under HRS § 291E-61 by requiring Doolittle to appear for proof-of-compliance hearings. Therefore, we conclude that the District Court erred in entering the Compliance Hearings Order.

Accordingly, the District Court's September 6, 2024 Compliance Hearings Order is reversed.

DATED: Honolulu, Hawaiʻi, June 10, 2026.

On the briefs:

Benjamin Lowenthal,
Deputy Public Defender,
(on opening brief only)

and

Sara K. Haley,
Deputy Public Defender,
(on reply brief only)

for Defendant-Appellant.

Charles E. Murray, III,
Deputy Prosecuting Attorney,
County of Hawaiʻi,
for Plaintiff-Appellee.

/s/ Karen T. Nakasone
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge